A CERTIFIED TRUE COPY
ATTEST

By Tarrell L. Littleton on Apr 07, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Judge St Eve
Magistrate Mason
10cv2282
Filed 4/7/10 wah

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Apr 07, 2010**

FILED
CLERK'S OFFICE

IN RE: AT&T MOBILITY WIRELESS DATA
SERVICES SALES TAX LITIGATION

MDL No. 2147

## TRANSFER ORDER

**Before the entire Panel**[*]: Common defendant AT&T Mobility LLC (AT&T Mobility) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Illinois. Plaintiffs in 27 actions and twelve potentially related actions support the motion. Plaintiffs in two potentially related actions pending in the Northern District of Illinois and the Southern District of Florida, respectively, suggest centralization in the Northern District of Illinois. Plaintiff in a potentially related action pending in the Eastern District of Louisiana suggests centralization in that district. Plaintiffs in the Eastern District of Michigan *Wiand* action and the Southern District of Texas *Johnson* action oppose centralization and/or inclusion of their actions in centralized proceedings or, alternatively, support centralization in the Northern District of Illinois.

This litigation currently consists of 29 actions listed on Schedules A and B and pending in 28 districts as follows: two actions in the Eastern District of Michigan and one action each in the Northern District of Alabama, the Eastern District of Arkansas, the District of Colorado, the District of Delaware, the Southern District of Florida, the Northern District of Georgia, the Southern District of Illinois, the Northern District of Indiana, the Southern District of Iowa, the District of Kansas, the Eastern District of Kentucky, the Western District of Louisiana, the District of Massachusetts, the Southern District of Mississippi, the Western District of Missouri, the District of Nebraska, the District of New Jersey, the Southern District of New York, the Eastern District of North Carolina, the Southern District of Ohio, the Western District of Oklahoma, the Western District of Pennsylvania, the District of Rhode Island, the District of South Carolina, the Eastern District of Tennessee, the Southern District of Texas, and the Western District of Texas.[1]

---

[*] Judge Miller and Judge Trager did not participate in the disposition of this matter.

[1] The parties have notified the Panel that 23 additional related actions are pending as follows: two actions each in the Central District of California, the Southern District of California, and the District of Maryland; and one action each in the District of Arizona, the Northern District of California, the District of Connecticut, the Middle District of Florida, the Southern District of Florida, the Northern District of Illinois, the Eastern District of Louisiana, the Middle District of Louisiana, the District of Minnesota, the Eastern District of Missouri, the Western District of Missouri, the Western District of North Carolina, the District of Utah, the District of Vermont, the

(continued...)

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By s/ LAKISHA C. WILLIAMS
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: APRIL 16, 2010

The issue in every one of these cases is whether the collection of particular state and local taxes violates the federal Internet Tax Freedom Act (ITFA) prohibition against the imposition of such taxes on internet access. In theory, deciding these cases could involve applying 50 different state tax regimes to the ITFA. Not surprisingly, certain plaintiffs argue, *inter alia*, that (1) applicability of the ITFA will vary from state to state and each state will require a different analysis; and (2) centralization could encourage an anti-class action direction to these actions in that defendant might later argue against nationwide class certification based on differences in the impact of the applicable tax law on a state by state basis. The Eastern District of Michigan *Wiand* plaintiff suggests that, if the Panel grants centralization, the actions should be remanded to their transferor courts for rulings on class certification.

We have considered these arguments carefully because they have some quite obvious merit and logic to their credit. Nevertheless, we find that the benefits of centralization are significant and that a transferee judge can easily deal with the difficulties inherent to centralization. Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Discovery regarding AT&T Mobility's billing practices will undoubtedly overlap and many of the legal issues will turn on similar facts and law. Consequently, centralization will save considerable judicial time and will prevent the likelihood of inconsistent rulings, especially with regard to class certification. Centralization places all but one of these actions before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings are conducted in a manner leading to the just and expeditious resolution of these actions to the overall benefit of the parties.

For all these reasons, we find that the 28 actions on Schedule A involve common questions of fact and that centralization of these actions under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Southern District of Texas *Johnson* plaintiff argues that his action should not be included in centralized proceedings, because his claims derive entirely from Texas state law and do not arise under the ITFA. We are persuaded that the *Johnson* action, listed on Schedule B, is distinct enough for exclusion from the centralized proceedings.

Almost any forum among those handling the many constituent and potentially related cases could be appropriate for this MDL. The agreement of the moving defendant and counsel handling

---

[1](...continued)
Eastern District of Virginia, the Western District of Washington, and the Eastern District of Wisconsin. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

many of the cases is often persuasive, but is never dispositive. Among the many possibilities, the Panel chooses the Northern District of Illinois. This district is supported by plaintiffs in several districts and comports with the moving defendant's initial request for centralization in a geographically central forum. Moreover, Judge Amy J. St. Eve has the time and experience to manage this litigation efficiently.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Amy J. St. Eve for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer under Section 1407 of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr.[*] | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager[*] |

IN RE: AT&T MOBILITY WIRELESS DATA
SERVICES SALES TAX LITIGATION                    MDL No. 2147

## SCHEDULE A

    Northern District of Alabama

Stephanie Diethelm v. AT&T Mobility, LLC, C.A. No. 2:09-2546

    Eastern District of Arkansas

Dorothy Taylor v. American Telephone & Telegraph Co., et al., C.A. No. 4:09-938 (10cv2282)

    District of Colorado

William A. Wieland v. AT&T Mobility, LLC, C.A. No. 1:09-2991

    District of Delaware

Kathy J. Cooper v. AT&T Mobility, LLC, C.A. No. 1:09-992

    Southern District of Florida

Adrienne D. Munson v. AT&T Mobility, LLC, C.A. No. 9:09-82439

    Northern District of Georgia

Robert Wilhite v. AT&T Mobility Corp., C.A. No. 1:10-5

    Southern District of Illinois

Christopher R. Havron v. AT&T, Inc., et al., C.A. No. 3:09-1040

    Northern District of Indiana

Martin Hoke v. AT&T Mobility, LLC, C.A. No. 2:10-6

    Southern District of Iowa

Penny Annette Wood v. AT&T Mobility, LLC, C.A. No. 4:09-577

**MDL No. 2147 Appendix A (Continued)**

### District of Kansas

Christopher Hendrix v. AT&T Mobility, LLC, C.A. No. 2:09-2658

### Eastern District of Kentucky

Heather Rahn v. AT&T Mobility, LLC, C.A. No. 2:09-218

### Western District of Louisiana

Heather Mazeitis v. AT&T Mobility, LLC, C.A. No. 6:09-2179

### District of Massachusetts

Lesley Rock v. AT&T Mobility, LLC, C.A. No. 1:10-10069

### Eastern District of Michigan

Karen Wiand v. AT&T Mobility, LLC, C.A. No. 2:10-10045
Kathy Johnson v. AT&T Mobility, LLC, C.A. No. 2:10-10064

### Southern District of Mississippi

Michael Bosarge, et al. v. AT&T Mobility, LLC, C.A. No. 3:10-5

### Western District of Missouri

Sarah Pauley v. AT&T, Inc., et al., C.A. No. 2:09-4248

### District of Nebraska

Matthew Cranford v. AT&T, Inc., et al., C.A. No. 4:09-3243

### District of New Jersey

Ronald Bendian v. AT&T, Inc., et al., C.A. No. 2:09-6100

### Southern District of New York

Jonathan Macy v. AT&T, Inc., et al., C.A. No. 1:10-79

**MDL No. 2147 Appendix A (Continued)**

<u>Eastern District of North Carolina</u>

Adrienne M. Fox v. AT&T Mobility, LLC, C.A. No. 5:10-26

<u>Southern District of Ohio</u>

John W. Wallace, et al. v. AT&T Mobility, LLC, C.A. No. 1:09-928

<u>Western District of Oklahoma</u>

Jane F. Edmonds, et al. v. AT&T Mobility, LLC, C.A. No. 5:09-1379

<u>Western District of Pennsylvania</u>

Meri Iannetti v. AT&T Mobiiity, LLC, C.A. No. 2:09-1684

<u>District of Rhode Island</u>

James Shirley v. AT&T Mobility, LLC, C.A. No. 1:09-636

<u>District of South Carolina</u>

Eric Bosse v. AT&T, Inc., et al., C.A. No. 2:09-3145

<u>Eastern District of Tennessee</u>

Randall Shuptrine v. AT&T Mobility, LLC, C.A. No. 1:09-326

<u>Western District of Texas</u>

Harvey Corn, et al. v. AT&T Mobility, LLC, C.A. No. 1:10-24

**IN RE: AT&T MOBILITY WIRELESS DATA
SERVICES SALES TAX LITIGATION**  MDL No. 2147

**SCHEDULE B**

Southern District of Texas

Stephen T. Johnson v. AT&T Mobility, LLC, C.A. No. 4:09-4104